Irving Trust Company, as Trustee, Respondent, *v.* Peter H. Walton et al., Respondents, and John H. Shannon et al., Appellants, et al., Defendants.

First Department, June 22, 1948.

*Francis J. Quillinan* and *Harold S. Lyon* of counsel (*Lawrence R. Eno* and *Lee Feltman* with them on the brief; *Wagner, Quillinan, Wagner & Tennant,* attorneys) for Sarah F. Farrier, Sarah M. Farrier, Rosemarie Hume, Elizabeth Tag and James P. Hall, Appellants, and Harold S. Lyon, attorney for John Hall Shannon and Roberta Shannon, Appellants.

*James F. Donnelly* guardian ad litem and attorney for Joseph G. Shannon, II, appellant, and attorney for John Shannon, appellant.

*Joseph W. Drake* guardian ad litem for Peter Bartlett Hall, et al., infants, appellants.

*William O. Robertson* of counsel (*Howie & Robertson,* attorneys), for petitioner-respondent.

*Lawrence R. Condon* attorney for Peter Hall Walton and Sarah Walton Pagenstecher, respondents.

*John F. Nixon* guardian ad litem for John A. Pagenstecher, respondent.

*Per Curiam.* This proceeding is brought under article 79 of the Civil Practice Act, which authorizes a simplified proceeding for the determination of any matters involving or relating to express trusts which the Supreme Court has jurisdiction to decide in an action. The petitioner has applied for an intermediate judicial settlement of its accounts as trustee of an inter vivos trust, and, in connection therewith, for a construction of a paragraph of the trust agreement providing for the disposition of the principal of the trust upon the death of the life beneficiary who is now eighty-two years old.

The correctness of the accounting does not depend upon the construction of this agreement. This is apparent from the circumstance that the accounting relates to transactions during an interval of time that is past, whereas the construction of the trust instrument relates to the disposition of the principal of the

trust upon the death of the life beneficiary, Elinor H. Blatchford, which has not yet occurred. The intermediate judicial settlement and the construction of the trust instrument might have been the subject of separate proceedings under article 79 of the Civil Practice Act, but have been presented simultaneously for convenience. Therefore this does not, in any event, present a situation where a question of law exclusively is involved upon the settlement of an account so as to preclude a reference under section 1316 of article 79 of the Civil Practice Act, which states that " no referee shall be appointed to examine and audit a trustee's account, or to hear and report on or to determine any questions arising upon the settlement of such account, where (a) a question of law exclusively is involved  *  *  *." That clause in section 1316 appears to refer to a construction of a trust under circumstances similar to those which are referred to in section 145 of the Surrogate's Court Act respecting testamentary trusts where " the propriety of any debit or credit in such account  *  *  * involves a construction of any portion of the will ". Here the intermediate judicial settlement of this trustee's account, to which no one objects, is independent of the construction of this instrument of trust.

Even though not prevented by section 1316 of the Civil Practice Act, the propriety of naming a referee would be doubtful wherever a question of law exclusively is involved. Here, however, that is not the situation and evidence must be taken of the surrounding facts and circumstances in order to resolve ambiguity in this instrument. The trust agreement is ambiguous in disposing of the remainder upon the death of said life beneficiary, Elinor H. Blatchford, " to his or her brother or sister, if then living, or to the then living issue of such brother or sister, if then deceased  *  *  *." When the trust instrument was signed, February 27, 1929, the settlor had one brother and two sisters who were living, all with issue, and one sister who had died leaving issue. The language quoted is not clearly adapted to that situation, and it is manifest that evidence should be taken concerning the factual background in the light of which this trust was declared.

The construction of the instrument at this time is not premature, for it is inconceivable that future events will occur which might render academic a present construction of this document. If, prior to the death of Elinor H. Blatchford, any of the numerous issue of the brother or sisters of the settlor should die, it would not alter the construction to be placed upon the trust agreement. The possibility of changes in the identity

of the persons making up the class does not divest the court of jurisdiction in the case of a proceeding under article 79 of the Civil Practice Act (§ 1311). It is important to the construction of the instrument that the testimony be taken of the life beneficiary, Elinor H. Blatchford, and of other elderly persons while they are alive.

A proceeding under article 79 of the Civil Practice Act is a special proceeding (§ 1308) instituted by order to show cause returnable in the first instance at Special Term. The court may in its discretion appoint a referee where the circumstances require (§ 1316), even without the consent of all parties. We find no abuse of discretion in this instance.

The orders appealed from should be affirmed, with $20 costs and disbursements.

PECK, P. J., GLENNON, DORE, VAN VOORHIS and SHIENTAG, JJ., concur.

Orders unanimously affirmed, with $20 costs and disbursements. [See *post*, p. 885.]